IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**WILLIE E. PARKER, JR., and**
**LEE ANN PARKER**                                                                              **PLAINTIFFS**

**V.**                                                         **CIVIL ACTION NO. 2:14cv173-KS-MTP**

**CITIMORTGAGE, INC., et al.**                                                               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiffs Willie E. Parker, Jr. and Lee Ann Parker's Motion for Remand [5]. Having considered the submissions of the parties, the record, and the applicable law, the Court finds that the motion should be denied. The Court also finds that the Plaintiffs' First Amended Complaint [4] should be stricken. This pleading purports to add a non-diverse Defendant, Bradley P. Jones, to the proceeding, which would destroy subject matter jurisdiction under Title 28 U.S.C. § 1332. The Court exercises its discretion to deny joinder of Jones pursuant to 28 U.S.C. § 1447(e) and the balance of the factors set forth by the United States Court of Appeals for the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In addition, Defendant CitiMortgage, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint [8] will be denied as moot.

## I. BACKGROUND

On August 8, 2014, Plaintiffs filed their "Complaint seeking relief from a wrongful foreclosure action" in the Chancery Court of Covington County, Mississippi. (Compl. [1-2 at ECF p. 5].) Plaintiffs name CitiMortgage, Inc. ("CitiMortgage") and ABN AMRO Mortgage Group, Inc. ("ABN") as Defendants, and claim that Defendants initiated foreclosure proceedings against certain residential property owned by the Plaintiffs in

fee simple (the "Subject Property") in violation of law and equity.  The Complaint asserts five counts in support of liability.  Although the legal grounds asserted under each count are not entirely clear, it appears that the Complaint at least alleges wrongful foreclosure based on the Defendants' purported failure to provide proper notice in seeking foreclosure and lack of legal standing to foreclose on the Subject Property.  Plaintiffs also claim that the Defendants' foreclosure efforts have placed a cloud on their title to the Subject Property.  Plaintiffs seek a judgment voiding the Substituted Trustee's Deed, preliminary injunctive relief precluding any further foreclosure proceedings until the merits of the Plaintiffs' claims are resolved, compensatory damages, punitive damages, and attorneys' fees.

On October 22, 2014, CitiMortgage, individually and as successor in interest to ABN, removed the proceeding to this Court on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1332.  (*See* Notice of Removal [1].)  The Notice of Removal asserts that the Plaintiffs are citizens of Mississippi; that CitiMortgage was incorporated in New York and maintains its principal place of business in Missouri; and, that ABN was incorporated in Delaware and maintained its principal place of business in Michigan prior to its merger with CitiMortgage in 2007.  The Notice of Removal further provides that the amount in controversy exceeds $75,000 based on the nature of the damages sought by the Plaintiffs and the value of the Subject Property.

On November 12, 2014, Plaintiffs filed their First Amended Complaint [4] without leave of court.  This pleading adds a count against Bradley P. Jones.  Plaintiffs claim that "the Substituted Trustee [Jones] violated a duty owed to Parker in attempting to strike and sell the Real Property at public outcry to CitiMortgage, Inc. and then

attempting to convey the Real Property to Federal Home Loan Mortgage Corporation by Substitute Trustee's Deed of December 22, 2011." (1st Am. Compl. [4] at ¶ 62.)

On November 21, 2014, Plaintiffs filed their Motion for Remand [5]. Plaintiffs primarily seek remand on the basis that Jones is a Mississippi resident and complete diversity of citizenship is lacking due to the presence of Jones in the lawsuit.

On November 26, 2014, CitiMortgage filed its Motion to Dismiss Plaintiffs' First Amended Complaint [8]. Proceedings on the dismissal motion have been stayed pending the Court's ruling on the Plaintiffs' Motion for Remand. (*See* Order Imposing Stay of Proceedings [21].)

## II.  DISCUSSION

As a general rule, "jurisdictional facts are determined at the time of removal, and . . . post-removal events do not affect that properly established jurisdiction." *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014) (citations omitted). The facts before the Court lead to the conclusion that diversity jurisdiction existed at the time of CitiMortgage's removal. An exercise of diversity jurisdiction under § 1332 depends upon two basic requirements:  1) the parties must be citizens of different states; and 2) the amount in controversy, exclusive of interest and costs, must exceed the sum or value of $75,000. 28 U.S.C. § 1332. The first requirement is met since the Complaint, Notice of Removal, and records on file with the Mississippi Secretary of State's office[1] evidence that the Plaintiffs are citizens of Mississippi, while CitiMortgage is a corporate citizen of New York and Missouri and ABN was a corporate citizen of Delaware and

---

[1] The Court is authorized to take judicial notice of matters of public record. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

Michigan prior to its merger with CitiMortgage.[2]  Section 1332(a)'s amount in controversy requirement is met given:  (i) Plaintiffs' plea for punitive damages;[3] (ii) Plaintiffs' assertion that they executed a Promissory Note in the amount of $301,500, which was secured by a Deed of Trust encumbering the Subject Property; and (iii) the Covington County Tax Assessor's office appraising the value of the Subject Property in excess of $200,000.  *See Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (considering the value of property in determining the amount in controversy in an action challenging the validity of foreclosure proceedings), *cert. denied*, 135 S. Ct. 281 (2014).  In sum, "it is more likely than not that" CitiMortgage was authorized to remove this case to federal court based on the existence of diversity jurisdiction under § 1332.  *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) (citation omitted).

   A statutory exception to the above-referenced rule operates when a plaintiff seeks to add a non-diverse defendant following removal.  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the

---

[2] A corporation is deemed to be a citizen of the state of its incorporation and the state where it maintains its principal place of business for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1).

[3] "[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." *Sun Life Assurance Co. of Can. (U.S.) v. Fairley*, 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007) (citing *Brasell v. Unumprovident Corp.*, 2001 WL 1530342, at *2 (N.D. Miss. Oct. 25, 2001)); *see also Cartwright v. State Farm Mut. Auto. Ins. Co.*, No. 4:14cv57, 2014 WL 6959045, at *4 (N.D. Miss. Dec. 8, 2014) (citing *Walker v. Scales*, No. 1:13cv227, 2014 WL 670216, at *3 (N.D. Miss. Feb. 20, 2014)).


State court." 28 U.S.C. § 1447(e). Plaintiffs' remand motion is primarily based on this exception. "The addition of Jones in the First Amended Complaint destroyed this Court's diversity jurisdiction." (Pls.' Rebuttal [23] at ¶ 6.) However, Plaintiffs initially look past the Court's discretion to permit or deny joinder under § 1447(e), and contend that the filing of their amended pleading as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1) necessitates remand. Plaintiffs' reliance on Rule 15 is unavailing. When a plaintiff files an amended pleading that would destroy the court's jurisdiction, "§ 1447(e) requires the court to scrutinize the attempted amendment." *Albritton v. W.S. Badcock Corp.*, No. 1:02cv378, 2003 WL 21018636, at *2 (N.D. Miss. Apr. 7, 2003) (citations omitted).[4] Courts within the Fifth Circuit scrutinize the joinder of non-diverse defendants following removal pursuant to the factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179. *See, e.g.*, *Wein*, 2015 WL 1275915, at *5; *McKnight*, 2009 WL 2367499, at *2. This Court's application of those factors to the Plaintiffs'

---

[4] *See also Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) ("The district court should scrutinize an amended pleading naming a new nondiverse defendant in a removed case 'more closely than an ordinary amendment.'") (quoting *Hensgens*, 833 F.2d at 1182); *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013) (holding that the district court properly struck the plaintiffs' amended complaints naming non-diverse parties since the pleadings were filed for the purpose of defeating jurisdiction); *Wein v. Liberty Lloyds of Tex. Ins. Co.*, No. A-15-CA-19-SS, 2015 WL 1275915, at *4-5, 7 (W.D. Tex. Mar. 19, 2015) (striking an amended complaint that added non-diverse defendants and denying the plaintiff's motion to remand); *Anzures v. Prologis Tex. I LLC*, 886 F. Supp. 2d 555, 562 (W.D. Tex. 2012) (providing that § 1447(e), as opposed to Rule 15(a), governs a plaintiff's ability to file an amended pleading that would divest the court of jurisdiction) (citations omitted); *McKnight v. Orkin, Inc.*, No. 5:09cv17, 2009 WL 2367499, at *2 (S.D. Miss. July 30, 2009) (rejecting the plaintiff's argument that the court need not scrutinize her amended complaint filed in accordance with Rule 15 because "§ 1447(e) trumps Rule 15(a)") (quoting *Ascension Enters., Inc. v. Allied Signal, Inc.*, 969 F. Supp. 359, 360 (M.D. La. 1997)).

attempted joinder of Jones leads to the conclusion that the First Amended Complaint [4] was improperly filed and should be stricken.

### A. The *Hensgens* Factors

In *Hensgens*, the Fifth Circuit recognized that an amended pleading naming a non-diverse defendant in a removed action gives rise to competing interests. *See* 833 F.2d at 1182. On the one hand, permitting amendment would require remand and deprive the diverse defendant of its interest in maintaining the federal venue. *See id.* On the other, denying amendment would give rise to the risk of parallel federal/state litigation and potentially result in a waste of judicial resources. *See id.* The Fifth Circuit provided that a district court should balance the equities and determine whether amendment should be allowed pursuant to the following factors: "[T]he court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.*

In analyzing the first *Hensgens* factor, district courts often consider whether the plaintiff knew or should have known of the identity of the non-diverse defendant when the original complaint was filed. *See, e.g.*, *Shelley v. Colo. State Univ.*, No. A-14-CA-516, 2015 WL 1004292, at *7 (W.D. Tex. Mar. 6, 2015); *Anzures*, 886 F. Supp. 2d at 562; *Weathersby v. Gen. Motors Corp.*, No. 4:04cv298, 2006 WL 1487025, at *3 (N.D. Miss. 2006). If the plaintiff knew about the non-diverse party when he filed suit but omitted "that party as an original defendant, 'courts have viewed any later attempt to add the nondiverse party as a defendant as nothing more than an attempt to destroy

diversity." *Wein*, 2015 WL 1275915, at *5 (quoting *In re Norplant Contraceptive Prods. Liab. Litig.*, 898 F. Supp. 433, 435 (E.D. Tex. 1995)). Plaintiffs clearly knew of the identity of Defendant Jones at the initiation of this litigation. The original Complaint specifically identifies "Bradley P. Jones as Substitute Trustee" and alleges certain conduct by Jones in connection with the attempted foreclosure on the Subject Property. (Compl. [1-2 at ECF p. 8].)

Several courts have also considered the viability of plaintiffs' claims against proposed defendants under the first *Hensgens* factor. *See, e.g.*, *Anzures*, 886 F. Supp. 2d at 564; *McKnight*, 2009 WL 2367499, at *3. The Mississippi Supreme Court has held that a trustee under a deed of trust "is little more than an agent, albeit for both parties, and the . . . [deed of trust] prescribes his duties." *Wansley v. First Nat'l Bank of Vicksburg*, 566 So. 2d 1218, 1223 (Miss. 1990) (citations omitted).[5] In accordance with this view, U.S. District Courts for both the Northern and Southern Districts of Mississippi have found substituted trustees to be nominal parties having no real interest in wrongful foreclosure actions. *See, e.g.*, *Taylor v. Ocwen Loan Servicing, LLC*, No. 2:12cv107, 2014 WL 280399, *2 (N.D. Miss. Jan. 24, 2014); *Hawkins v. Wells Fargo Bank, N.A.*, No. 1:07cv399, 2008 WL 216529, at *1 (S.D. Miss. Jan. 23, 2008); *Sones v. Simmons*, No. 1:05cv424, 2006 WL 2805325, at *1-2 (S.D. Miss. Sept. 25, 2006). Whether the First Amended Complaint states viable claims against Jones, as "the Substitute Trustee," is not clear for several reasons. (1st Am. Compl. [4] at ¶ 4.) First, almost all

---

[5] The substantive law of Mississippi applies in this diversity action concerning real property located in Mississippi. *See Grenada Ready-Mix Concrete, Inc. v. Watkins*, 453 F. Supp. 1298, 1308 (N.D. Miss. 1978).

of the counts in the amended pleading assert liability against "the Defendants" collectively. "[C]onclusory allegations against all 'defendants'" fail to state a claim upon which relief can be granted. *Bunton v. Corr. Corp. of Am.*, No. 4:04cv354, 2007 WL 2077690, at *3 (N.D. Miss. July 11, 2007); *cf. Rogers v. Nationwide Prop. & Cas. Ins. Co.*, 433 F. Supp. 2d 772, 776 (S.D. Miss. 2006) (holding that the plaintiffs' non-fact specific assertions of wrongdoing as to all defendants failed to establish a possibility of recovery against a non-diverse defendant in determining fraudulent joinder).[6]  Second, Plaintiffs contend that certain of Jones's foreclosure-related actions were carried out "at the direction of CitiMortgage." (1st Am. Compl. [4] at ¶¶ 16, 20.)  The general rule in Mississippi is that "an agent for a disclosed principal incurs no liability for a breach of duty or a contract perpetrated by its disclosed principal and a third party." *James v. Chase Manhattan Bank*, 173 F. Supp. 2d 544, 550 (N.D. Miss. 2001) (citation omitted).[7]  Third, the only count in the First Amended Complaint specifically pertaining to Jones chiefly requests declaratory relief (the "Court should enter a Declaratory Judgment that the Substitute Trustee's Deed is void") and equitable relief (an accounting of all fees paid to Jones in connection with the foreclosure and assessed against the Plaintiffs' balance under their mortgage loan). (1st Am. Compl. [4] at ¶¶ 63, 65.)  It appears that

---

[6] A fraudulent joinder analysis, where a court considers whether plaintiffs have any possibility of recovery against a non-diverse defendant under state law, is technically inapplicable here because Jones was not initially joined by the Plaintiffs in state court. *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999).

[7] An exception exists if the agent's conduct rises to the level of malice, gross negligence, or a reckless disregard for the rights of others. *See id.*  The First Amended Complaint is lacking in specific factual content leading to the plausible invocation of this exception as to Jones.

the availability of this relief does not turn on Jones's party status since CitiMortgage purportedly directed his activities and Plaintiffs do not claim that Jones is their mortgage lender.  Cf. *Taylor*, 2014 WL 280399, at *2 (finding the substitute trustee defendant to be an unnecessary party where the complaint sought an injunction prohibiting foreclosure).

   Even assuming that Plaintiffs have stated viable claims against Jones, the Court finds the first *Hensgens* factor to weigh against amendment.  Plaintiffs' original Complaint establishes that they knew of Jones's identity and his alleged involvement in the subject foreclosure at the initiation of this lawsuit.  Yet, Plaintiffs only sought to make Jones a party after CitiMortgage removed the proceeding to this federal venue.  In addition, the linchpin to Plaintiffs' remand request is Jones's status as a party.  This strongly "suggests that the purpose of . . . [Jones's attempted joinder] is to defeat jurisdiction."  *Roof Toppers of El Paso, Inc. v. Weatherproofing Techs., Inc.*, 949 F. Supp. 2d 669, 673 (W.D. Tex. 2012) (denying leave to add non-diverse defendants in part because the plaintiff knew of its claims against the defendants prior to removal); *see also G & C Land v. Farmland Mgmt. Servs.*, 587 Fed. Appx. 99, 103 (5th Cir. 2014) (affirming the denial of leave to amend where the district court held that the plaintiff "was aware of the identities and activities of the non-diverse defendants before it filed suit . . . and only chose to add them as parties" after removal), *cert. denied*, 135 S. Ct. 1439 (2015); *Anzures*, 886 F. Supp. 2d at 564 ("Plaintiff's clear desire to litigate this case in state court, coupled with the fact that Plaintiff has known of Empire Roofing's identity and role in this case since the beginning . . ., all would trump the fact that the Proposed Amended Complaint asserts cognizable claims against Empire Roof."); *Albritton*, 2003

WL 21018636, at *2 (noting that the plaintiff filed his motion to remand attacking diversity and amended complaint naming a non-diverse party on the same date, and striking the amended complaint).

As to the next *Hensgens* factor, delays of two months following the filing of the original complaint and thirty days after the notice of removal have "been found dilatory, especially when a plaintiff knew of the potential defendant's role in the dispute when he filed the case in state court." *Anzures*, 886 F. Supp. 2d at 565 (citations and internal quotation marks omitted). Still, some courts find this factor to favor amendment when leave is sought prior to the initiation of discovery and the scheduling of case management deadlines. *See Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 891 (S.D. Tex. 2010) (citations omitted). Plaintiffs' First Amended Complaint [4], naming Jones as a party, was filed approximately three months after their original Complaint was filed in state court, and Plaintiffs were aware of Jones's involvement in the foreclosure proceeding at that earlier time. However, no trial date has been set in this cause and it does not appear that the parties have engaged in any discovery. The Court thus determines that the second *Hensgens* factor is neutral.

Plaintiffs "will [not] be significantly injured if amendment is . . . [dis]allowed." *Hensgens*, 833 F.2d at 1182. No showing has been made that CitiMortgage, against whom the majority of Plaintiffs' claims are asserted, would be unable to satisfy a judgment. *See Wein*, 2015 WL 1275915, at *6 (finding the third *Hensgens* factor to weigh against amendment in the absence of a showing that the original defendants could not satisfy a judgment); *Albritton*, 2003 WL 21018636, at *2 (denying joinder where the amended complaint only asserted one count against the non-diverse party).

Further, the denial of Jones's joinder will not preclude the Plaintiffs from proceeding against him in state court. *See G & C Land*, 587 Fed. Appx. at 103-04 (finding no abuse of discretion in the district court's denial of leave to amend, including the underlying determination that the plaintiff could pursue the non-diverse defendants in state court). The additional expense of maintaining "parallel proceedings . . . does not constitute significant prejudice." *Martinez*, 701 F. Supp. 2d at 892 (citation omitted).

The Court discerns no other equitable considerations bearing upon Jones's joinder. Therefore, the balance of the *Hensgens* factors necessitates a denial of joinder and the striking of the Plaintiffs' First Amended Complaint [4]. *Cf. Priester*, 708 F.3d at 679; *Wein*, 2015 WL 1275915, at *7; *Albritton*, 2003 WL 21018636, at *2. Plaintiffs' remand request based on the existence of Jones as a party fails as a result.

### B.   CitiMortgage's Purported Failure to File the State Court Record

Plaintiffs further argue that the "removal was procedurally improper because CitiMortgage failed to file the State Court record as required." (Pls.' Mot. for Remand [5] at ¶ 8.) Title 28 U.S.C. § 1446 requires the defendant removing a civil action to file in the district court its notice of removal "together with a copy of all process, pleadings, and orders served upon such defendant . . . ." 28 U.S.C. § 1446(a). This Court's Local Uniform Civil Rules additionally require a defendant to file "the entire state court record" no later than fourteen (14) days after the date of removal. L.U.Civ.R. 5(b). The Court's review of the docket does not identify any failure by CitiMortgage to comply with these procedural requirements. Therefore, this basis for remand is rejected.

### C.   CitiMortgage's Separate Action Against the Plaintiffs

Plaintiffs also contend that CitiMortgage has waived its removal rights and should be estopped from litigating in this federal forum since it filed a separate action for unlawful entry and detainer against them in the Justice Court of Covington County, Mississippi.  Plaintiffs cite no authority supporting the position that a litigant's conduct in one state court action will deprive it of the right to remove a separate action to federal court.  Furthermore, "[s]ubject matter jurisdiction can neither be conferred nor destroyed by the parties' agreement or waiver."  *Buchner v. FDIC*, 981 F.2d 816, 821 (5th Cir. 1993); *see also Doty Props., LLC v. APC Partners II, LLC*, No. 3:06cv62, 2006 WL 1580000, at *2 (N.D. Miss. June 2, 2006) (rejecting the plaintiffs' argument that the defendant waived diversity jurisdiction by filing and voluntarily dismissing a separate state court action).  Plaintiffs' final ground for remand is without merit and their Motion for Remand [5] is due to be denied.

### D.  CitiMortgage's Motion to Dismiss

This motion is aimed at the Plaintiffs' First Amended Complaint [4].  In accordance with the preceding rulings, Plaintiffs' First Amended Complaint is no longer the operative pleading.  Therefore, CitiMortgage's dismissal motion is moot.

### III.  CONCLUSION

For the foregoing reasons:

IT IS ORDERED AND ADJUDGED that the Plaintiffs' First Amended Complaint [4] is stricken.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiffs' Motion for Remand [5] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that CitiMortgage, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint [8] is denied as moot.  Defendant shall file its answer or other responsive pleading to the original Complaint within fourteen (14) days of the entry of this Order.

SO ORDERED AND ADJUDGED this the 20th day of May, 2015.

                                 *s/Keith Starrett*
                                 UNITED STATES DISTRICT JUDGE